IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CR 107 |
| | ) | |
| ALONZO BRAZIEL | ) | Hon. Elaine E. Bucklo |
| | ) | |
| Defendant | ) | |

**DEFENDANT ALONZO BRAZIEL'S RESPONSE TO GOVERNMENT'S
MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(b)**

Now comes the Defendant, ALONZO BRAZIEL ("BRAZIEL"), by and through his attorney, Michael J. Petro, and respectfully asks this honorable court to enter and consider BRAZIEL's Response to Government's Motion to Admit Evidence Pursuant To Rule 404(b) and deny the government's request. In support of his response, BRAZIEL states as follows:

**I.  BACKGROUND**

The government seeks to admit thru a court reporter BRAZIEL's seven year old change of plea hearing for obtaining money from the Illinois Department of Employment and Security. The government insists that this change of plea hearing is relevant to "show his intent to defraud, as well as his knowledge, plan and absence of mistake.

In the light most favorable to the government, the court reporter is: a.) By FRE 403, not probative or relevant; b.) Unfairly prejudicial to BRAZIEL; c.) Is being offered for propensity only; and d.) Is not similar in fact or close enough in time to the present case. As such, this court should bar the court reporter's testimony.

**II.  THE LAW**

Under the Federal Rules of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove character or a person in order to show action in conformity therewith," but may be admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Further, before admitting evidence under Rule 404(b), the court must determine whether (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. See *United States v. Wilson*, 31 F.3d 510, 514-15(7th Cir. 1994).

### III.    ARGUMENT

In violation of prong two above, the proffered government 404(b) testimony is too old for the jury to hear in this prosecution. To start, seven years is a long time ago. This proposition is supported best by *United States v. Owens*, 424 F.3d 649 (7th Cir. 2005) where the 7th Circuit reversed Owens' conviction after finding a seven year bad act too old for trial.

Secondly, the government has failed to show that the court reporter's testimony regarding BRAZIEL's change of plea hearing for illegally obtaining money from the Illinois Department of Employment Security is offered for anything more than to show a propensity to commit crime by BRAZIEL. The government does not affirmatively show

how the court reporter's testimony proves intent by BRAZIEL to commit the charges in this case. *United States v. Jones* 389 F.3d 753 (7th Cir. 2004) specifically states that "the government must affirmatively show why a particular conviction tends to show the more forward-looking fact of purpose, design or volition to commit the new crime…Merely introducing prior convictions without more, can prove nothing but propensity, which is not enough to take the evidence out of the propensity principle established by Rule 404(b)."

Regarding the change of plea hearing, nowhere in the transcript of proceedings does the judge or the AUSA specifically inform BRAZIEL that he is pleading guilty to the offense of mail fraud. Further, the transcript expresses concern that BRAZIEL had ingested a controlled substance prior to the change of plea which is highly prejudicial to BRAZIEL in this matter.

In the end, BRAZIEL plead guilty to cashing checks to get money to support him in a family structure that offered no support. BRAZIEL grew up without a father and his mother was frequently incarcerated. Here, BRAZIEL is charged with causing RESPA letters to be addressed and sent in the mails. There is no evidence that BRAZIEL received the aforementioned RESPA letters.

Finally, the government's proffered evidence is extremely prejudicial in violation of prong four above and FRE 403. The resulting prejudice to ALONZO violates FRE 403 and thereby "unacceptably undermine[s] the fairness of the fact finding process." *United States v. Owens* 424 F.3d 649, 657 (7th Cir. 2005).

## IV. CONCLUSION

WHEREFORE, ALONZO BRAZIEL respectfully asks this honorable court to enter and consider Defendant Alonzo Braziel's Response to Government's Motion to Admit Evidence Pursuant To Rule 404(b) and deny the government's request.

Respectfully submitted,

/s/ Michael J. Petro

MICHAEL J. PETRO
Attorney for ALONZO BRAZIEL
53 West Jackson Boulevard
Suite 324
Chicago, Illinois 60604
312)913-1111

## CERTIFICATE OF SERVICE

I, MICHAEL J. PETRO, an attorney, certify that on the Monday, February 23, 2009, I served a copy of this copy of the above motion pursuant to the District Court's ECF system as to ECF filers.

/s/ Michael J. Petro

MICHAEL J. PETRO
Attorney for ALONZO BRAZIEL
53 West Jackson Boulevard
Suite 324
Chicago, Illinois 60604
312)913-1111