AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Alonzo Braziel | Case Number: 08 CR 107-17 |
| | USM Number: 13964-424 |
| | Michael J. Petro |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)   17,18, and 19 of the indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 12/8/2004 | 17 |
| 18 U.S.C. § 1341 | Mail Fraud | 1/4/2005 | 18 |
| 18 U.S.C. § 1341 | Mail Fraud | 1/26/2005 | 19 |

    The defendant is sentenced as provided in pages 2 through     6     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/23/2009
Date of Imposition of Judgment

Signature of Judge

| Elaine E. Bucklo | Judge |
|---|---|
| Name of Judge | Title of Judge |

10-26-09
Date

AO 245B ⁱ    (Rev. 09/08) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page  __2__  of  ___6___

DEFENDANT:  Alonzo Braziel
CASE NUMBER:  08 CR 107-17

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

Forty (40) months. This term consists of 40 months on each of counts 17,18. and 19; and all such terms to run concurrent to
each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be allowed to serve his sentence at Ashland and that he be allowed to participate in residential drug
treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on ___1/6/2010_____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
                      DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 09/08) Judgment in a Criminal Case
　　　　　Sheet 3 — Supervised Release

DEFENDANT:  Alonzo Braziel
CASE NUMBER:  08 CR 107-17

Judgment—Page ___3___ of ___6___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years. This term consists of 3 years on each of counts 17,18, and  19; and all such terms to run concurrent to each other.

　　　　　The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑　The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑　The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐　The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐　The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

　　　　　If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

　　　　　The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)　the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)　the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)　the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)　the defendant shall support his or her dependents and meet other family responsibilities;

5)　the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)　the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)　the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)　the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)　the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)　the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)　the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)　the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)　as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT:  Alonzo Braziel
CASE NUMBER:  08 CR 107-17

Judgment—Page    4    of    6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a mental health treatment program at the direction of the probation officer.

The restitution imposed will become a condition of supervised release, and the defendant's monthly payment schedule will be at least ten percent of his net monthly income.

The defendant shall serve 20 hours of community service per week, if not gainfully employed, at the direction of the probation office.

The defendant shall participate in an approved job skill training program a the discretion of the probation officer  within the first 60 days of placement on supervision.

DEFENDANT:  Alonzo Braziel
CASE NUMBER:  08 CR 107-17

Judgment — Page  5  of  6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ 191,600.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Freemont Investment & Loan c/o Freemont | | | |
| Reorganizing Corp., 2727 East Imperial Highway, | | | |
| Brea, California 92881 | | $191,600.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 191,600.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Alonzo Braziel
CASE NUMBER:  08 CR 107-17

Judgment — Page __6__ of __6__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☑  Lump sum payment of $  300.00           due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☑  Special instructions regarding the payment of criminal monetary penalties:

      The defendant's monthly payment will be at least ten percent of his net monthly income. The costs of incarceration and supervision are waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

    See Preliminary Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  08 CR 107-17 |
| | ) | Judge Elaine E. Bucklo |
| ALONZO BRAZIEL | ) | |

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

This cause comes before the Court on motion of the United States for entry of a preliminary

order of forfeiture as to specific property pursuant to the provisions of 18, United States Code,

Section 982(a)(2) and Fed. R. Crim. P. 32.2, the Court being fully informed hereby finds as follows:

(a)     On February 5, 2008, an indictment was returned charging defendant ALONZO

BRAZIEL in Counts Seventeen through Nineteen with mail fraud in violation of 18 U.S.C. § 1341;

(b)     The indictment sought forfeiture to the United States of any and all right, title and

interest in any property constituting and derived from proceeds obtained directly or indirectly as the

result of the charged mail fraud violations, including the sum of approximately $7,200,000, pursuant

to the provisions of 18 U.S.C. § 982(a)(2);

(c)     On March 2, 2009, a jury trial was held before this Court;

(d)     On March 12, 2009, the jury returned a verdict of guilty against defendant ALONZO

BRAZIEL on Counts Seventeen through Nineteen of the indictment, thereby making the property

named in the indictment subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2);

(e)     Defendant ALONZO BRAZIEL waived his right have the forfeiture allegation in the

indictment considered by a jury.  It was agreed instead that this Court would consider the issues

relating to the forfeiture;

(f)     Because of the defendant's conviction of the above violations, funds in the amount

of $7,200,000 are subject to forfeiture pursuant to the provisions 18 U.S.C. § 982(a)(2) as funds

which constitute and are derived from proceeds obtained as the result of the said violations.  Section

982(a)(2) of Title 18 provides, in part:

> (a)(2)  The court, in imposing sentence on a person convicted of a violation of, or conspiring to violate–
>
> (A) section . . . 1341 . . . of this title, affecting a financial institution . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation;

> (g)  At sentencing, the government will seek to hold ALONZO BRAZIEL accountable

for the transactions to which he was convicted as well as those reasonably foreseeable to him

because of his direct involvement.  The losses incurred by lenders in connection with these loans

is $191,600.  Accordingly, the United States requests that this Court enter a judgment in the amount

of $191,600 against defendant ALONZO BRAZIEL and  further enter a preliminary order of

forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2), forfeiting all right, title, and interest

defendant ALONZO BRAZIEL has in funds in the amount of  $191,600, as property constituting

and derived from proceeds traceable to the mail fraud convictions.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     A judgment is entered against defendant ALONZO BRAZIEL in the amount of

$191,600.  It is further ordered;

2.     That, pursuant to the provisions of 18 U.S.C. § 982(a)(2) and Fed. R. Crim. P. 32.2,

all right, title, and interest defendant ALONZO BRAZIEL may have in funds in the amount of

$191,600 is hereby forfeit to the United States of America for disposition according to law.  It is

further ordered,

3.     That, by an act or omission on the part of defendant ALONZO BRAZIEL, funds in

the amount of $191,600 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States has the authority to forfeit substitute assets up to the amount of $191,600 to satisfy the money judgment entered by this Court. It is further ordered,

4.      That, should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law. It is further ordered,

5.      That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant ALONZO BRAZIEL and shall be made part of any judgment and commitment order entered in this case against him. It is further ordered,

6.      That, this court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.


_____
ELAINE E. BUCKLO
United States District Judge

DATED:  _10-26-09_


3